UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DERRICK M. HAMILTON,

         Plaintiff,

 v.                    9:18-CV-1312
                            (MAD/CFH)

NEW YORK STATE DEPARTMENT OF
CORRECTIONS AND COMMUNITY
SUPERVISION, et. al.,

         Defendants.

---

APPEARANCES:

DERRICK M. HAMILTON
89-A-5202
Plaintiff, pro se
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13021

MAE A. D'AGOSTINO
United States District Judge

## DECISION AND ORDER

## I. INTRODUCTION

Pro se plaintiff Derrick Hamilton ("Plaintiff") commenced this civil rights action asserting claims arising out of his confinement at Auburn Correctional Facility ("Auburn C.F."). Dkt. No. 15 ("Am. Compl."). In a Decision and Order filed on June 4, 2019 (the "June Order"), the Court reviewed the sufficiency of the Amended Complaint in accordance with 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A. Dkt. No. 16. Based upon that review, the Court directed defendants to respond to the following claims: (1) First Amendment retaliation claims

1

against Assistant Food Service Administrator A. Bertonica ("Bertonica"), Recreation Program Leader Ron Pitoniak ("Pitoniak"), Steward D. Vanni ("Vanni"), Inmate Organization Coordinator Dave Porter ("Porter"), G. Schenk ("Schenk"), and Travis Silcox ("Silcox"); (2) First Amendment claims related to the free exercise of religious freedom against Auburn C.F. Superintendent Harold Graham ("Graham"), Prison Guard A. Venditti ("Venditti"), Prison Guard Delfavero ("Delfavero"), WC John Doe #1, Sgt. Porten ("Porten"), Bertonica, Acting Commissioner of DOCCS Anthony Annucci ("Annucci"), Deputy Commissioner Jeff McKoy ("McKoy"), Director of Ministerial, Family and Volunteer Services ("DMFVS") Cheryl Morris ("Morris"), and Assistant Director of DMFVS Paul Guenette ("Guenette"); (3) First Amendment Establishment Clause claims against Annucci, McKoy, Morris, Guenette, Graham, and PG John Doe; (4) Fourteenth Amendment equal protection claims against Venditti, Delfavero, Graham, WC Doe #1, WC Doe #2, Yard Supervisor Jay Doe, PG James Doe, Sgt. Doe, WC John Doe #3; and (5) corresponding state law claims. *Id*. at 49. On July 28, 2019, summonses were issued to Defendants. Dkt. No. 20.

Presently before the Court is Plaintiff's motion for preliminary injunctive relief or, in the alternative, for a stay of the litigation. Dkt. No. 18.

## II. DISCUSSION

Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y.*, 409 F.3d 506, 510 (2d Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). "The district court has wide discretion in determining whether to grant a preliminary injunction." *Id.* at 511. To succeed on a motion for preliminary injunctive relief, a plaintiff must demonstrate irreparable harm and either a substantial

likelihood of success on the merits of the claim, or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in his favor. *Citigroup Global Markets, Inc. V. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010). However, when the moving party seeks a "mandatory preliminary injunction that alters the status quo by commanding a positive act," the burden is even higher. *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 405-06 (2d Cir. 2011). "A mandatory preliminary injunction 'should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief.' " *Id.* (quoting *Citigroup*, 598 F.3d at 35 n.4).

Generally an alleged violation of a constitutional right creates a presumption of irreparable harm. *Jolly v. Coughlin*, 76 F.3d 468, 482 (2d Cir. 1996). However, speculative, remote or future injury is not the province of injunctive relief. *Los Angeles v. Lyons*, 461 U.S. 95, 111-12 (1983). Rather, a plaintiff seeking to satisfy the irreparable harm requirement must demonstrate that "absent a preliminary injunction [he or she] will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." *Bisnews AFE (Thailand)*, 437 Fed. App'x at 58 (quoting *Faiveley*, 559 F.3d at 118); *Garcia v. Arevalo*, No. 93-CV-8147, 1994 WL 383238, at *2 (S.D.N.Y. June 27, 1994) ("It is well settled that an allegation of the mere possibility of irreparable harm is insufficient to justify the drastic remedy of preliminary injunction. . . . A party who seeks the extraordinary remedy of a preliminary injunction must show the alleged irreparable harm to be imminent, not remote or speculative, and the alleged injury to constitute one that is incapable of being fully remedied by monetary damages." (citations omitted)). A finding of irreparable harm cannot be based solely on past conduct.

3

*Haden v. Hellinger*, No. 9:14-CV-0318, 2016 WL 589703 at *1 (N.D.N.Y. Feb. 11, 2016).

Furthermore, "[t]o prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint." *Candelaria v. Baker,* No. 00-CV-0912, 2006 WL 618576, at *3 (W.D.N.Y. Mar. 10, 2006) (citations omitted)*; see also Allen v. Brown*, No. 96-CV-1599 (RSP/GJD), 1998 WL 214418, at *4 (N.D.N.Y. Apr. 28, 1998) (denying request for injunctive relief where allegations in application for such relief were unrelated to claims asserted in the complaint and thus plaintiff "failed to establish either a likelihood of succeeding on the merits of his underlying claim, or sufficiently serious questions going to the merits of such claim and a balance of hardships tipping decidedly toward" the plaintiff). "In the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons." *Fisher v. Goord*, 981 F. Supp. 140, 167 (W.D.N.Y. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825, 846-47 (1994)) (other citations omitted). Here, the injunction sought is mandatory, and thus the court will use the "clear and substantial" showing of a likelihood of success standard.

Plaintiff, who is presently incarcerated at Auburn C.F., moves for an order directing Superintendent Timothy McCarthy ("McCarthy") to provide Plaintiff with "the minimum standard of cell housing" including adequate lighting, bedding, a functioning toilet and sink, and sanitary environmental conditions. Dkt. No. 18 at 3. On May 19, 2019, Captain Norris ("Norris") ordered Plaintiff's transfer from cell D-2-26 to cell D-7-27. *Id.* at 4. Plaintiff alleges that he suffers from mental, emotional, and physical distress due to his confinement in a cell with "heavy chicken wire" that is "caked and filthy with grime" and inadequate lighting. *Id*. at 1-3. Plaintiff claims that he is exposed to second hand smoke and "foulness" due to the

presence of bird and human excrement on the window, walls, radiator and floor. *Id*. Construing the motion liberally, Plaintiff moves for relief against McCarthy and Norris. *See generally,* Dkt. No. 18.

As discussed *supra*, the remaining defendants are Annucci, Graham, Venditti, Delfavero, McKoy, Morris, Guenette, Schenk, Vanni, Bertonica, WC John Doe #1, WC John Doe #2, WC John Doe #3, PG John Doe, Porten, Sgt. Doe, Jay Doe, PJ James Doe, Porter, Pitoniak, and Silcox. To the extent that Plaintiff seeks injunctive relief against individuals who are not defendants in this action, injunctive relief is available against non-parties only under very limited circumstances, none of which are present here. *See* Fed. R. Civ. P. 65(d)(2); *Doctor's Associates, Inc. v. Reinert & Duree, P.C.*, 191 F.3d 297, 302-03 (2d Cir. 1999); *United States v. Regan*, 858 F.2d 115, 120 (2d Cir. 1988); *see also In re Rationis Enterprises, Inc. of Panama*, 261 F.3d 264, 270 (2d Cir. 2001) ("A court may not grant a final, or even an interlocutory, injunction over a party over whom it does not have personal jurisdiction.").

Even if the Court could provide relief with respect to the alleged wrongdoing, the motion would still be denied because the claims asserted in the motion are unrelated to the underlying claims. In the operative pleading, Plaintiff asserts Fourteenth Amendment equal protection claims and First Amendment claims related to retaliation, free exercise of his religious beliefs, and the establishment clause. *See generally,* Am. Compl. In the present motion, Plaintiff alleges facts related to the conditions of his confinement from May 2019 through July 2019 in cell D-7-27 at Auburn C.F. Thus, Plaintiff cannot establish a likelihood of success on the merits and Plaintiff's request for relief is denied. *See Mitchell v. New York State Dep't of Corr. Srvs.*, No. 06-CV-6278, 2011 WL 5326054, at *3 (W.D.N.Y. Nov. 3, 2011)

(finding that the facts underlying the request for injunctive relief are essentially unrelated to the underlying facts of the claims in this action, except for the fact that they arise in the prison context).

The Court has reviewed Plaintiff's motion thoroughly and with due regard for his status as a pro se litigant. The Court concludes that he has not made a showing sufficient to warrant the issuance of preliminary injunctive relief.[1]

In the alternative, Plaintiff moves to stay this matter until he is provided with "the basic minimum standard of care and housing[.]" Dkt. No. 18 at 2. On May 19, 2019, Plaintiff was transferred to cell D-7-27. *Id*. at 4. On June 7, 2019, Plaintiff filed a four-page grievance with the Grievance Supervisor at Auburn C.F. and, on July 18, 2019, Plaintiff filed the within motion for preliminary injunctive relief. *See generally*, Dkt. No. 18. Additionally, on July 19, 2019, the Court received an envelope from Plaintiff that contained fourteen copies of the Amended Complaint and fourteen USM -285 forms. Dkt. No. 19.

Because Plaintiff has been able to litigate this action effectively, Plaintiff's request to stay this action is denied.

## III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that Plaintiff's motion for a preliminary injunction or, in the alternative, for a stay (Dkt. No. 18) is **DENIED**; and it is further

---

[1] Plaintiff may pursue claims against the individuals responsible for the alleged wrongdoing through DOCCS' administrative procedures and, if necessary, by means of a properly filed action.

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 5, 2019
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge