UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DERRICK M. HAMILTON,

                                                     **Plaintiff,**

   vs.                                                               9:18-CV-01312
                                                                         (MAD/CFH)

**ANTHONY J. ANNUCCI,** *Acting Commissioner New York State*, **HAROLD GRAHAM,** *Superintendent of Auburn Correctional Facility*, **A. VENDITTI, DELFAVERO, JEFF MCKOY,** *Deputy Commissioner Program Services*, **CHERYL MORRIS,** *Director Division of Ministerial, Family and Volunteer Services*, **and PAUL GUENETTE,** *Assistant Director, DMFVS*,

                                                     **Defendants.**
_____

**APPEARANCES:**                                    **OF COUNSEL:**

**DERRICK M. HAMILTON**
**89-A-5202**
Auburn Correctional Facility
P.O. Box 618
Auburn, New York 13021
Plaintiff, *pro se*

**OFFICE OF THE NEW YORK**             **MELISSA A. LATINO, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      On November 8, 2018, Plaintiff, Derrick Hamilton, an inmate at the Auburn Correctional Facility ("ACF") in Auburn, New York, filed this action *pro se* pursuant to 42 U.S.C. § 1983. *See*

Dkt. No. 1.  On May 7, 2019, Plaintiff filed an amended complaint, and after an initial review, the Court dismissed a number of Plaintiff's claims on June 4, 2019.  Dkt. Nos. 15 & 16.  The following claims survived initial review, (1) Plaintiff's First Amendment Free Exercise Clause and Fourteenth Amendment Equal Protection Clause claims against Graham, Venditti, and Delfavero concerning the October 31, 2015 Transfiguration Day celebration; (2) Plaintiff's First Amendment Free Exercise Clause and Fourteenth Amendment Equal Protection Clause claims against Defendant Graham based on the time provided for Rastafarian worship in the Auburn C.F. chapel on December 27, 2015; (3) Plaintiff's Fourteenth Amendment Equal Protection Clause claim against Defendant Graham based on the number of Rastafarian inmates permitted to enter the chapel to worship on February 14, 2016; (4) Plaintiff's First Amendment retaliation claims based on Defendants Graham's and Porten's alleged threats of confining Plaintiff to Special Housing Unit (hereinafter "SHU") if he continued to attend Rastafarian religious services; (5) Plaintiff's First Amendment Free Exercise and Establishment Clause claims against Defendants Annucci, McKoy, Morris, Guerette, and Graham for allegedly establishing or revising DOCCS policy to permit homosexual inmates to prepare and/or serve food to Rastafarian inmates; (6) Plaintiff's First Amendment Free Exercise Clause and retaliation claims against Defendant Bertonica for allegedly forcing Plaintiff to eat food served to him by homosexual inmates and issuing Plaintiff a false misbehavior report in retaliation for filing a grievance about the purported pro-homosexual food handling policy; (7) Plaintiff's First Amendment claim alleging that Defendants Schenk, Vanni, Porter, Silcox, and Pitoniak retaliated against him for speaking out against purported misappropriation of funds in the Caribbean African Unity (hereinafter "CAU") account by suspending the CAU.  *See* Dkt. No. 16.

On August 18, 2021, Magistrate Judge Christian F. Hummel issued 77-page Report-Recommendation and Order recommending that Defendants' motion for summary judgment be granted with regards to all of Plaintiff's claims except Plaintiff's First Amendment Free Exercise and Fourteenth Amendment Equal Protection claims against Defendants Venditti and Delfavero concerning the October 31, 2015 Transfiguration Day celebration. Dkt. No. 81.

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (*quoting Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted). The Second Circuit has held that the court is obligated to "'make reasonable allowances to protect *pro se* litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan*, 289 F. Supp. 2d at 295 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

Plaintiff has not filed an objection to the Report-Recommendation and Order.[1] When a party declines to file an objection, the court reviews a recommendation for clear error. *See McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007). After the appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1). Because the Plaintiff has not filed an objection, the Court will review the recommendation for clear error.

In the present matter, the Court finds that Magistrate Judge Hummel correctly determined that, first, Plaintiff's claims against the Doe Defendants must be dismissed because Plaintiff failed

---

[1] The Court notes that on September 7, 2021, Plaintiff filed a letter with the Court requesting an extension of time to file an objection to Magistrate Judge Hummel's Report-Recommendation and Order. Dkt No. 82. The Court granted Plaintiff's request and set a new deadline of September 16, 2021 for objections. Dkt. No. 83. Neither Plaintiff nor Defendants filed an objection with the Court.

to identify these individuals until he submitted his response in opposition to Defendants' motion for summary judgment on July 12, 2021 and has still not served these Defendants. Dkt. No. 81 at 17-18; *see also Taft v. Fricke*, No. 9:17CV0346, 2019 WL 5197180, *1 n.1 (N.D.N.Y. July 26, 2019). Second, Magistrate Judge Hummel correctly determined that Defendant Pitoniak must be dismissed because Plaintiff has failed to serve Defendant Pitoniak and has failed to explain why he has failed to do so since his last attempt in November of 2019. Dkt. No. 81 at 19-20; *see also Kingsberry v. City of New York*, No. 15CV1481, 2016 WL 2851336, *1-2 (S.D.N.Y. May 13, 2016).

Third, Magistrate Judge Hummel correctly determined that no genuine issue of material fact exists concerning whether Plaintiff failed to exhaust his administrative remedies prior to commencement of the present action regarding Grievances No. AUB-75138-18 and No. AUB-68944-16. Dkt. No. 81 at 25-27. Grievance No. AUB-75138-18 concerns Plaintiff's claims against Defendants Schenk, Sgt. Porter, Silcox, Pitoniak, and Vanni for allegedly taking adverse actions against him in retaliation for Plaintiff questioning the accounting practices used to calculate the CAU profits and reporting the theft of the muffins. Plaintiff failed to exhaust his administrate remedies as he filed his initial complaint only twenty-four days after filing his appeal to DOCCS Central Office Review Committee (hereinafter "CORC") and more than five months before CORC received his appeal on April 16, 2019. *Animashaun v. Afify*, 470 F. Supp. 3d 294, 296 (W.D.N.Y. 2020) ("[A] prisoner may not file suit even before the time in which CORC is supposed to issue a decision has expired"). Regarding Grievance No. AUB-68944-16, Plaintiff never filed an appeal and therefore Plaintiff failed to exhaust his administrative remedies regarding his First Amendment Free Exercise claim based on Defendants Porten's and Graham's alleged threats of SHU confinement in February 2016. Dkt. No. 81 at 26-27.

Fourth, Magistrate Judge Hummel correctly determined that Plaintiff failed to establish a question of material fact as to the personal involvement of Defendant Graham in Plaintiff's claim regarding the 2015 Transfiguration Day service as such decisions were the responsibility of the Deputy of Security at Auburn C.F and Defendant Graham's alleged receipt of Plaintiff's letter is insufficient to establish personal involvement. Dkt. No. 81 at 33-37; *see also Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) ("It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983'") (citations omitted). Fifth, Plaintiff also failed to allege the personal involvement of Defendants Annucci, Guenette, and Graham in regards to his food preparation or service claims by merely alleging that they held high-ranking positions in the New York prison hierarchy. *Id*. at 56; *see also Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996).

Sixth, Magistrate Judge Hummel correctly determined that Plaintiff raised a genuine question of material fact as to whether Defendants Delfavero and Venditti caused Plaintiff to miss the Transfiguration Day service and the accompanying sacramental meal thereby substantially burdening Plaintiff's sincerely held religious beliefs. Dkt. No. 81 at 39-40 (quoting *Shepherd v. Fisher*, No. 08-CV-9297, 2017 WL 666213, *34 (S.D.N.Y. Feb. 16, 2017)). Seventh, Magistrate Judge Hummel correctly determined that Plaintiff's claim that Defendants acted intentionally or purposefully to discriminate against Plaintiff based on his religious beliefs by failing to put him on a call-out list must be dismissed because Plaintiff failed to raise an issue of material fact as to whether the discrimination was intentional. Dkt. No. 81 at 43 (quoting *Reynolds v. Barrett*, 685 F.3d 193, 201 (2d Cir. 2012)).

Eighth, Magistrate Judge Hummel correctly determined that Plaintiff's allegations that the Rastafarian services on December 27, 2015 and February 14, 2016, were cut short, even if

accepted as true, failed to establish that his First Amendment rights were substantially burdened. Dkt. No. 81 at 45-46 (citations omitted). Further, the evidence demonstrated that the limitations of the Rastafarian service were due to legitimate security concerns. *Id*. at 47.

Nineth, Magistrate Judge Hummel correctly determined that Plaintiff's claims that Defendants Graham and Porten threatened Plaintiff with SHU confinement for his participation at Rastafari worship services must be dismissed because it is uncontested that Plaintiff was attempting to lead the Rastafarian service without approval on the specified dates and without prior approval of his speech as required by DOCCS Directive 4202. Dkt. No. 81 at 46-51. Moreover, Defendants established that they had a legitimate penological interest in curtailing unfettered inmate speech during religious call-outs and limiting the ability to lead services during religious call-outs to superintendent-approved inmate facilitators. *Id*. at 51.

Tenth, Magistrate Judge Hummel correctly determined that Plaintiff's First Amendment Establishment Clause claims relating to food preparation and service fails because there is no evidence that Defendant Morris created a pro-homosexual policy or custom or that Defendant McKoy ever reviewed or approved such a policy. Dkt. No. 81 at 57-58. Further, as DOCCS hires inmates without regard to their sexual orientation, Plaintiff's claim that DOCCS Directive 4803 is pro-homosexual is unsubstantiated. *Id*. at 58-59. Finally, Plaintiff's claim fails to pass the *Lemon* test as DOCCS's failure to discriminate based on sexual orientation with regards to serving and preparing inmate meals does not constitute excessive government entanglement. *Id*. at 59-60.

Eleventh, Magistrate Judge Hummel correctly determined that Plaintiff's First Amendment Free Exercise claims relating to food preparation and service against Defendants McKoy, Morris, and Bertonica fails because any burden on Plaintiff's ability to freely exercise his religion was, at most, *de minimis*, because it amounts to only Plaintiff's disagreement or discomfort with persons

he finds to be morally unnatural and to hold otherwise would require Defendants to discriminate against certain individuals in such a way that would violate state and federal law. Dkt. No. 81 at 64-65 (citing *Livingston v. Griffin*, No. 9:04-CV-00607, 2007 WL 1500382, *16 (N.D.N.Y. May 21, 2007)).

Finally, Magistrate Judge Hummel correctly determined that Plaintiff's First Amendment retaliation claims must be dismissed. Regarding Plaintiff's claims against Defendant Bertonica, dismissal is appropriate because his actions would have been taken for proper reasons, regardless of any retaliatory animus. Dkt. No. 81 at 71 (citing *Waters v. Melendez*, No. 15-CV-0805, 2018 WL 3079764, *12 (N.D.N.Y. May 18, 2018))). Specifically, it was correctly noted that, not only did Plaintiff not receive any disciplinary action other than a fine, but that Defendant Bertonica also issued Plaintiff the misbehavior report because Plaintiff skipped twelve meals, in violation of the Therapeutic Diet Meals Attendance Agreement Plaintiff signed when he began receiving the medical or therapeutic diet and various inmate rules. Dkt. No. 81 at 66-67. Plaintiff was found guilty of all violations at a disciplinary hearing. *Id*. at 67. Further, Plaintiff failed to establish sufficient adverse action, since it is well established that in the absence of aggravating factors, an inmate enjoys no constitutional right against the issuance of a false misbehavior report. *Id*. at 68 (quoting *Baskerville v. Blott*, 224 F. Supp. 2d 723, 732 (S.D.N.Y. 2002)).

Summary judgment is also appropriate regarding Plaintiff's First Amendment retaliation claims against Defendants Vanni, Porter, Silcox, and Schenk relating to the CAU's account as the evidence demonstrates that the CAU was placed on probation at least twice for failing to comply with Directive 4760 for continuously failing to maintain the required number of members, hold programs, and generally suffered from a lack of interest and leadership and therefore Defendants' admissible documentary evidence establishes that the alleged adverse action would have been

taken based on the proper reason of the CAU's failure to comply with Directive 4760 alone.  Dkt. No. 81 at 75.  Further, Plaintiff failed to establish a constitutional violation by alleging Defendants violated a DOCCS directive.  *Id*. (citing cases).

After carefully reviewing the Report-Recommendation and Order, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Hummel's Report-Recommendation and Order is **ADOPTED** in its entirety for the reasons set forth herein; and the Court further

**ORDERS** Defendants' motion for summary judgment (Dkt. No. 59) is **GRANTED-in-part and DENIED-in-part**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 23, 2021
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge